Move yourself to a safe area. May I please the court? That this court should affirm the decision of the Court of Federal Claims. First, let me state the matter was decided on a motion to dismiss pursuant to 12B1. And the facts in the complaint were taken as undisputed. These facts were supplemented by the parties in the joint submission, which is included in the joint offense. Analytically, there's a distinction between restrictions upon the assignment of contracts and the restrictions that exist upon assignment of claims. And the Court of Federal Claims in this case properly addressed both situations. The case that exists here involves the allegations by Mr. Sanders that a chosen action was transferred to him in the year 2000. In fact, according to the allegations in the complaint, payment was not made in connection with the dispute that arose between Sentinel and Mr. Blumenfeld. And this could have been a factor in the overall conditions of the transaction? Well, the parties, consistent with the practice in the 12B1 motion, the parties, the court took as correct specific allegations of fact in the complaint. What the government did was supplemented those facts with a couple of brief documents. There has been no discovery, so the matter was decided based upon the undisputed allegations in the complaint, and supplemented by certain documents the government offered, which had the effect of flushing out the transaction curve. Should that be true in Rule 56, then? No, because parties may submit documents in support of a Rule 12B1 motion. And the question goes to the court's jurisdiction, and the court has the burden to determine this jurisdiction without going further. And the submission of additional documents are properly considered by the court in entertaining the motion pursuant to 12B1. So the court properly considered the motion pursuant to 12B1, and the government having raised the issue of jurisdiction, it was incumbent upon Mr. Sanders to show by preponderance of the evidence that, in fact, the court had that jurisdiction. The Court of Federal Claims properly held that he did not. Analytically, what makes the case somewhat more difficult to consider is the fact that there's a distinction between assignment of claims and assignment of contracts. The first portion of the court's opinion addresses the question of privity, and privity refers to the existence, goes to the question of contract. And the first portion of the court's decision talks to and addresses the ability of Mr. Sanders to claim in some manner that this entire contract has been transferred. Now, that wasn't the allegation in the complaint. The allegation in the complaint is that there's simply a transfer of the chosen action. The privity is significant in this case, however, because according to Mr. Sanders' allegation, payment wasn't made in accordance with this obligation until 2003. In other words, Sentinel went ahead and made a claim to HUD for this additional money that it incurred as a result of the dispute concerning Mr. Blumenthal. But, in fact, it made no payment on that. So Sentinel and the government, if you would, were still involved in submissions and negotiations of this matter. And this finally led to Sentinel submitting a claim to the government documenting the fact that it actually paid out additional money, the money under dispute in this case. Significantly, however, that occurred after the alleged transfer from Sentinel Corporation to Mr. Sanders in this case. So essentially, Sentinel and the government were still in a contractual situation. Counsel has stated that the contractual situation ended upon the submission of the claim. Well, that in a way has failed to their contention because the government's contention is in this case that the government's only obligation was one and only obligation. That is, you submit a claim and you get paid and you're done. The government made its payment and the statute of limitations voids the case because the government paid the claim and you didn't appeal it. Mr. Sanders' contention in this case is that there's some sort of continuing contractual relationship between HUD and Sentinel and Mr. Sanders in some manner that obligated the government to consider a supplemental insurance claim. Our point, the point we raise in urging affirmance on the basis of the statute of limitations is there is no such – Mr. Sanders never alleged any such contractual relationship. His concession here that the relationship between HUD and Sentinel ended when the opinion was originally made in 1993 establishes the fact that the statute of limitations is run on this case, establishes that as a matter of fact. If the contractual relationship ended between the parties in 1993, as I understand the comments here today, the statute of limitations clearly voids this case. What the Court of Federal Claims did was it accepted Mr. Sanders' contention in his papers that there was some sort of contractual relationship. In the government's view, the contractual relationship ended in 1993. That's not an issue for us, is it? Yes, it is, because we've argued as an alternative basis for affirmance that the court should hold that the case is barred by the statute of limitations. Although the trial court specifically rejected this, this is an argument made in advance in support of the judgment below, and we may properly rely on any argument that's properly supported by the record below. And in this case, the record below supports application of the statute of limitations. Unlike the case upon which the Court of Federal Claims relied, Churchland v. United States, and upon which Mr. Sanders relied, the contractual relationship here ended in 1993, when HUD proffered payment. We have no findings on that. And how can we decide on that basis? Because, Your Honor, you had a motion to dismiss and take the allegations in the complaint as supplemented by any documents, and it is Mr. Sanders' obligation to show by preponderance of the evidence that the court has jurisdiction. What about the state court case? The state court case, if anything, confirms the fact that the relationship between HUD and Sentinel ended. That isn't what it seemed to say. Well, Your Honor, HUD's obligation under the terms of the endorsement of the note specifically required that the party seeking payment present to HUD all its evidence of entitlement. That was done in 1990, and payment was made in 1993. All the obligations and requirements under the contract were met at that point in time. Mr. Sanders' arguments to the Court of Federal Claims, and the Court of Federal Claims holding, presuming that the statute of limitations did not call this action, presumes the existence of some contractual obligation of the United States to entertain supplemental application for insurance benefits. There is no such right. The regulations which define the contract in this case were very clear. You have to put in all the paperwork. You have to put it in 30 days. HUD will rule on that and pay you. It was incumbent upon Mr. Sanders, if he didn't like that resolution, to sue in 1993. Now, what makes the case, I think, more difficult analytically is the distinction which courts have drawn between the assignment of claims and the assignment of contracts. Mr. Sanders did not own the shows in action in 1993. Absolutely. So any right to… Sentinel. Exactly. Sentinel had the obligation in 1993, if they didn't like the resolution, to sue at that point in time. And the contention, as I understood the comments earlier, to concede the fact that the contractual relationship between the United States and HUD ended in 1993 when the payment was made. We agree with that promise. And it's that very reason the statute of limitations forms any claim. To get back to where the Court of Federal Claims decided the case, what about insurance company otherwise? Well, the Court of Federal Claims didn't decide the case. They addressed the question of privity. But they didn't decide the case upon the basis of privity. What they decided the case upon was the question of assignment of claims. Now, the Tupper Act provides an individual… What about the conclusion, Mr. Grover, that the Court of Federal Claims… Well… He said that because the claimant was not in primitive contract with the government, their court does not have standing in the suit against the U.S. That… I think we lost this case. I'm trying to figure out what's going on.  That holding, Your Honor, is ethically related to the second part of the Court's decision. Because Mr. Senders was not asserting a claim based on a contractual relationship. It was part two of the Court's opinion, which discusses the question and the application of the assignment… That indicates… Exactly, Your Honor. The key to the Court's decision is Mr. Senders' allegation in this complaint, which is reproduced in the Joint Appendix, that what he's suing on is a choice of action. And what the Court held, what we urge affirmance upon, is the fact that the Anti-Assignment Act… The Assignment of Claims Act, excuse me, prohibits assignment of claims under… As the Court held, under circumstances such as this. The question of privity in this case is really incidental. Because under the Chuckler Act, Mr. Senders could bring… A party may bring a suit based upon the existence of a contract with the United States. Okay, the assignment can't be made because Ted didn't approve it. What about Insurance Company of the West? Well, the Insurance Company of the West specifically addresses the question of the assignment of rights under a certain contract to a separate deal. And the Insurance Company of the West specifically cites as an exception provisions such as occur here, such as the Anti-Assignment Act. This is a case where the provisions of the Anti-Assignment Act, the Assignment of Claims Act, specifically apply. As the Court of Claims… There are three hurdles Mr. Senders has to get over to get around the Assignment of Claims Act in this case. One, as the Court of Federal Claims held, this is the type of case in which the government faces the risk of multiple claims. And this is the prime example of such a case because we have multiple claims in this case. We have Sentinel seeking payment from HUD when in fact apparently the claim was actually… Had been previously transferred to Mr. Senders. The Court held under these facts that the cases which previously have recognized exception to the Assignment of Claims Act should not be followed in this case because this case presents such an example. We also have the potential here of the government assuming the additional risk that if such claims against the government could be freely transferred, the government would lose the right to contest certain offenses against the potential signees. And that's reflected in cases which we cited in our brief in the statutory language. And there's a third reason, although the Court of Federal Claims didn't address it, and that's the question of whether an exception to the Assignment of Claims Act exists in this case. Now, the Supreme Court has considered the scope of the Assignment of Claims Act. And in United States v. Dow specifically declined to extend, to recognize an exception to the Assignment of Claims Act, cases in which there have been voluntary transfers. Now, we're fully aware that in Reeves, excuse me, Roe Reeves v. United States, the Court of Federal Claims case decided subsequently to Dow, the Court continued to recognize exceptions to the Assignment of Claims Act. In that case, recognized an assignment that appears to be voluntary. Roe Reeves does not discuss application of United States v. Dow. And for that reason, this panel should look as definitive clarification to the current state with regards to exceptions of the Assignment of Claims Act. The Supreme Court's statement in United States v. Dow. But what you're telling us, Mr. Groff, doesn't really have very much relationship to the opinion of the Court of Federal Claims. I don't agree. I don't agree so, Your Honor. Because there are two points. One, two of the very points I've discussed, the Court of Federal Claims agreed with. And that was under the heretofore recognized exceptions. Perhaps in the result, but not in the reasoning. No, two of the specific points, Your Honor, which I've urged concerning the Assignment of Claims Act, were specifically agreed to and adopted by the Court of Federal Claims. That in this case, this case presents the situation of multiple claimants and that the United States would lose defenses. On those two points, the Court of Federal Claims specifically adopted the reasoning that I'm arguing here. And either of those two arguments are completely dispositive of this idea. As an additional basis for affirmance, I'm basically raising a third argument, which we discussed below. And that is, under United States v. Dow, the Supreme Court has recognized that voluntary transfers are not subject to an exception to the Assignment of Claims Act. The Court disagreed with us in that regard or didn't adopt our reasoning. However, this is not anything that requires additional review of the record. And the Court, this Court, may properly affirm on the basis of the record below when the case law supports that affirmance. And in this case, United States v. Dow requires the Court to affirm this. It's like you're arguing against the Court of Federal Claims there. You want to either have done it on a statute of limitations basis or on the basis you just said. You don't like what he said. He said privity, didn't he? Well, he addressed contractual issues regarding privity. But his argument regarding privity. Are you going to support his argument or are you going to make your own? Well, I think in two specific cases, two of the specific holdings of the Court of Federal Claims, either of which specifically requires affirmance of the judgment below. And that is, this case presents an issue of the possibility of multiple claimants. And this case presents the issue of the possibility of multiple defendants. So, in addition to those arguments, we were advancing two additional arguments in support of the judgment below. And because these arguments, this doesn't involve any factual finding. This involves strictly this Court's interpretation of the established case law. We think we can properly urge those arguments and affirmance of the judgment below. Distinguished in Church Company of the West, as you were asking at the beginning. That case involves a question of subrogation. Prior decisions of this Court and the Court of Federal Claims expressly required the existence of privity with the United States. And Insurance Company of the West doesn't report, and indeed as a panel of this Court, could not overrule prior precedent of this Court, which specifically requires existence of privity. When the Court identified the specific... I see my time is up. The Court has identified the specific problem in question and considered the privity of Insurance Company of the West, made a broad statement, but did not report to overrule the specific authority upon which we relied, and could not as a panel of this Court. So you're saying it's a subrogation case, more or less. Involvement of facts from yesterday. Thank you. Thank you, Mr. Gould. Mr. Gould? You can argue against Mr. Grover or against the Court of Federal Claims. Well, it seems like you have your choice. You know, the government's position keeps shifting here. They made the privity argument in front of the court below, and now they seem to back away from it. Insurance Company of the West is our answer, long and short of it. But before Insurance Company of the West, it's always been required that there be privity. That's established by case after case after case, and where is your privity here? Where's the proof of that? It's only through the assignment, Your Honor. The facts are undisputed. Then you have the problem of the Anti-Assignment Act. Your Honor, on the Anti-Assignment Act, A, Dow has never been read to bar all voluntary transfers. Indeed, the prior Supreme Court decision in Shannon said that an assignment that's voluntary is not the end of the matter. In that case, it's signed with approval in Dow. And then you've got Grell-Reeves not reading it that way. Is there a difference between segregation and assignment? Well, segregation occurs normally, as I see it, Your Honor, in a specific context. The operation of law, doesn't it? Yes. Under the contract or otherwise? Yes. Segregation is to stand in the shoes of the... Right. Based on the voluntary insurance contract, normally they're centered into early, whereas an assignment is a voluntary act. But, as we've pointed out, the case law on the Anti-Assignment Act has recognized assignments as being legitimate, notwithstanding, outside the ambit of the act, when they've been made for legitimate reasons, not designed to harass the government. And business restrictions have been recognized. And, in this case, the government talks about theoretical possibilities that always exist. There is no allegation that they're going to lose the defense. They say, well, possibly you might, but there is no factual allegation that they've lost anything by Mr. Senators pursuing it instead of Centennial. Multiple claimants. Again, that mischaracterizes the situation. Mr. Senators and Centennial cooperated in terms of seeking the supplemental payment. When HUD declined to make it in response to an administrative request and it became clear they were going to have to litigate, Centennial was not part of that, and the Seventh Circuit, as the court pointed out, said that they couldn't be required to be part of that. So he's gone forward there. But all that's happened, Mr. Senators has been, since day one, the equitable owner of this claim. And all that the assignment and issue here did was transfer legal title to the party that's always been the equitable owner. It didn't bring in any new players. It didn't bring in any new influences. There was no attempt to, if you will, get over on the government, which was the concern that motivated the passage of the Anti-Assignment Act back around the time of the Civil War. Now, how do you get by this? An assignment may be made only after a claim is allowed, the amount is decided, the warrant for the payment has been issued. There's a lot of language here. How do you get by all that? You mean in the act itself? Yeah, in the act itself. Because the Supreme Court has said in the dispositive jurisprudence on it that advocates, we believe, that the act has not for a century been construed in accordance with the strict statutory terms. It's been construed in accordance with its purpose. And the courts have been in the business of doing that, including the predecessor to this court. And one of the purposes would be preventing multiple claims, claims from multiple parties on the same badge, right? Well, that's been... And wouldn't that happen a year, even? Well, it's... A decade? A decade. A decade? You could have that in a subrogation case, Your Honor. I mean, there's always the possibility of multiple claimants. But in fact, too, you have not had at any point any competing claims. There have been no competing claims with two different people coming in and saying we're entitled to the same thing. The facts here are directly analogous to National Australia Bank, in which another member of the Court of Federal Claims upheld the assignment where the parent corporation held on to the claims of the subsidiaries when it sold the subsidiaries. And that was thought to be appropriate. And it's less extreme than a case upheld nearly a century... I'm sorry, nearly 50 years ago by the predecessor to this court, Mitchell Canaries, where a claim belonged to a corporation. Then it was transferred to a partnership where the two partners were the principals behind the original corporation. Then they changed and formed a new corporation, and they took it with them to the new corporation. And the court said that was fine. It didn't offend the Anti-Assignment Act because the claim had remained with people that at all points had been the equitable owners of the claim. And that's what you've got here. This was not done as a way to leverage on the claim. This assignment here was part of a business restructuring where basically Mr. Senner's cashed out centennials, sold off the business, and held on to various assets, basically all of the assets of the company, including the shows in action. I see that my time has expired if there are no further questions. Okay. Thank you, Mr. Morgan and Mr. Gould. The case is taken into dissertation.